IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL J. RHOADS, | ) | 8:08CV227 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on May 29, 2008.  (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis.  (Filing No. 5)  The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.     SUMMARY OF COMPLAINT

_____Plaintiff filed his Complaint on May 29, 2008, against the State of Nebraska, and sixteen individuals.  (Filing No. 1 at CM/ECF p. 1.)  Plaintiff states that his Complaint is "missing" several sections.  (*Id.* at CM/ECF pp. 8-9.)  Indeed, the Complaint does not request any relief or make any decipherable allegations.  (*Id.* at CM/ECF pp. 1-8.)  In his effort to explain the Complaint's deficiencies, Plaintiff states that he has a "rough draft but without legal counsel [he] is not sure what to write." (*Id.*)  Plaintiff also states that he will have "the rest of his complaint finish[ed] by the first part of next week . . . ."[1]  (*Id.* at CM/ECF p. 8.)

---

[1]Plaintiff has not filed an amended complaint as of the date of this Memorandum and Order.

## II.    APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint.  As set forth above, Plaintiff has failed to make any decipherable allegations.  Plaintiff admits that his Complaint is incomplete and that he intends to file "the rest" of his Complaint at a later date. (Filing No. 1 at CM/ECF p. 8.)  In short, Plaintiff does not allege that he was deprived of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).  However, on the courts own motion, Plaintiff shall have 45 days in which to

amend his Complaint and properly allege that he was deprived of a right secured by the Constitution or laws of the United States. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's current Complaint (filing no. 1) will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that:

1.     Plaintiff shall have until **October 3, 2008** to amend his Complaint to clearly state an a claim upon which relief may be granted against Defendants, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's current Complaint (filing no. 1) will be dismissed without prejudice and without further notice for failure to state a claim upon which relief may be granted.

2.     In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims.

3.     The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review amended complaint on **October 3, 2008,** dismiss if not filed.

4.     The Clerk of the court is directed to send Daniel J. Rhoads the Civil Complaint Form.

5.      Plaintiff shall keep the court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

August 15, 2008.                           BY THE COURT:


_____          s/ Joseph F. Bataillon_____
                                           Chief United States District Judge

4