IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL J. RHOADS, | ) | 8:08CV227 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on four separate Motions to Dismiss, filed by the Defendants who have been served in this matter. (Filing Nos. 19, 65, 67, and 69.) As set forth below, the Motions to Dismiss are granted.

## I. BACKGROUND

Plaintiff filed this matter on May 29, 2008. (Filing No. 1.) Plaintiff filed an Amended Complaint on October 2, 2008, which is the operative complaint in this matter. (Filing No. 8.) After the filing of the Amended Complaint, the court directed the Clerk of the court to issue summonses for all remaining Defendants.[1] (Filing No. 9.)

Summonses were served on Defendants Sandra Dougherty and J. Patrick Mullen[2] (the "Judicial Defendants") on December 2, 2008. (Filing Nos. 11 and 13.)

---

[1] In filing his Amended Complaint, Plaintiff dismissed some Defendants. Thus, only those individuals and entities named in the Amended Complaint are Defendants.

[2] Plaintiff has named "J. Patrick Mullens" as a Defendant. It appears that this individual is actually J. Patrick Mullen. (Filing Nos. 19 and 20; *see also* http://www.supremecourt.ne.gov/district-court/dist-judges-addr.shtml?sub3.) For clarity, the court will use this individual's correct name.

The Judicial Defendants thereafter filed a timely Motion to Dismiss. (Filing No. 19.) All other Defendants, with two exceptions, were also served. (Filing Nos. 12, 16, 23, 25, 27, 28, 30, 31, 32, 34, 38, 43, 46, 47.) Plaintiff has never served the State of Nebraska or Defendant Unknown Barnes with summons. (*See* Docket Sheet.) All Defendants are sued in their official capacities only. (Filing No. 1 at CM/ECF p. 9.) All other served Defendants also filed Motions to Dismiss. (Filing Nos. 65, 67, and 69.) Plaintiff did not respond to any of the Motions to Dismiss. Also pending before the court is Plaintiff's Motion for Summary Judgment (filing no. 71) and other miscellaneous motions filed by the parties.

## II. THE JUDICIAL DEFENDANTS' MOTION TO DISMISS

The Judicial Defendants filed a Motion to Dismiss arguing that Plaintiff's claims against them should be dismissed because they are entitled to absolute judicial immunity. (Filing No. 19.) With respect to Plaintiff's monetary claims, the court agrees.

Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacity, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* Moreover, "[a] judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 12 (quotation omitted). Absolute judicial immunity applies to monetary damages claims only and does not extend to suits requesting declaratory and prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 536-38 (1984).

As the Supreme Court set forth in *Mireles*, "the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself,'" and courts "look to the particular act's relation to a general function normally performed by a judge" in determining whether judicial immunity applies. *Mireles*, 502 U.S. at 13. The Eighth Circuit has specifically held that "conducting a trial is a judicial function" for which judges are entitled to absolute immunity. *Hollowell v. Johnson*, 46 F. App'x 388, 388 (8th Cir. 2002) (unpublished). Moreover, conclusory conspiracy allegations are insufficient to overcome judicial immunity. *Johnson v. Esry*, No. 98-2573, 2000 WL 375269, *1 (8th Cir. 2000) (citing cases and noting that "conspiracy allegations must be pleaded with sufficient specificity and factual support to suggest meeting of minds").

Here, Plaintiff seeks monetary relief against the Judicial Defendants. (Filing No. 8 at CM/ECF p. 10.) Summarized, Plaintiff alleges that the Judicial Defendants presided over the issuance of certain protective orders, and that they wrongfully entered those orders and refused to nullify them after issuance. (*Id.* at CM/ECF pp. 3-4, 6-7.) There is no question that all of the actions Plaintiff complains of were taken by the Judicial Defendants in their judicial capacities and within their jurisdiction. These Defendants presided over the issuance of several protection orders against Plaintiff and determined whether to hold hearings with respect to those protection orders. These are certainly acts normally taken by judges, as the Eighth Circuit has stated. At best, Plaintiff alleges that the Judicial Defendants made mistakes and failed to do particular judicial functions in the way Plaintiff requested. Even if such mistakes and inaction were deliberate, these allegations do not defeat judicial immunity. In short, all of the actions taken by the Judicial Defendants were taken as part of the "general functions" normally performed by judges. These Defendants are therefore entitled to absolute judicial immunity, and Plaintiff's claims against them for monetary relief are dismissed prejudice.

However, Plaintiff also seek injunctive and declaratory relief. (*Id.* at CM/ECF p. 10.) As set forth above, such claims are not subject to absolute judicial immunity.

However, these claims are dismissed for failure to state a claim upon which relief may be granted, as set forth below.

### III.   THE REMAINING MOTIONS TO DISMISS

Also pending are several Motions to Dismiss filed by the remaining served Defendants. (Filing Nos. 65, 67, and 69.) In their Motions, among other things, the remaining Defendants argue that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.  The court agrees.  The Amended Complaint is difficult to decipher.  However, as best as the court can tell, Plaintiff alleges that he pled guilty to violating a protective order, but that protective order was "issued in a frivolous and vexatious manner" and that he was "deprived [of] effective assistance of counsel" when he pled guilty to those charges. (Filing No. 8 at CM/ECF p. 3.)  As such, his guilty plea and conviction are invalid.[3]  Plaintiff seeks monetary relief, an "investigation," and an order that his convictions, and the underlying protective orders, be expunged completely. (*Id.* at CM/ECF p. 10.)

Claims relating to the validity of an individual's conviction may not be brought in a civil rights case, regardless of the relief sought.  As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum.  As set forth in *Heck*:

---

[3] Although Plaintiff did not allege, perhaps intentionally, the details of his conviction, the court notes that public information shows that Plaintiff was convicted of one felony count of violation of a protective order, two misdemeanor counts of violation of a protective order, and one misdemeanor count of domestic assault. Plaintiff was incarcerated on these charges and was released on April 20, 2006. *See* http://dcs-inmatesearch.ne.gov/Corrections/InmateDisplayServlet?DcsId=63069.

4

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See id.*

Here, Plaintiff's claims relate entirely to his convictions, for which he has already served his term of incarceration. All of Plaintiff's allegations, and the relief he seeks, necessarily implicate the validity of Plaintiff's conviction and incarceration. Stated another way, although Plaintiff does not specifically seek review of his conviction and sentence, this court could grant none of the relief sought by Plaintiff without first determining that his conviction and incarceration were unlawfully obtained. As set forth above, the court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983 unless Plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Plaintiff has not done so.

Plaintiff has already served his term of incarceration and the time to appeal his conviction expired long ago. *See* Neb. Rev. Stat. § 25-1912. In addition, Plaintiff is likely no longer "in custody" for purposes of federal habeas corpus. *See* 28 U.S.C. § 2254(b)(1). However, Plaintiff may still take advantage of state court expungement procedures, or may seek other relief from state procedures. *See, e.g.,* Neb. Rev. Stat.

5

§ 29-3523. Until Plaintiff is able to do so, and able to prove expungement or invalidity of his conviction by a state court, this court cannot address his claims. Thus, the court will dismiss Plaintiff's claims, including the claims against the Judicial Defendants for injunctive and declaratory relief, but will do so without prejudice to reassertion in an expungement or similar proceeding.

Plaintiff has failed to serve two Defendants, the State of Nebraska and Unknown Barnes. (*See* Docket Sheet.) The time in which to do has long passed. (Filing No. 9.) Ordinarily, the court would consider extending the time in which to serve these Defendants. However, as set forth above, such service would be futile in light of the court's determination that Plaintiff cannot proceed with his claims at this time. Therefore, the court will dismiss the claims against these two unserved Defendants without prejudice.

### IV. *PLAINTIFF'S MOTION FOR ORDER TO RETURN DOCUMENTS*

Plaintiff recently filed a Motion to Scan Plaintiff's Paper Documents and Return. (Filing No. 78.) In his Motion, Plaintiff requests that the court enter an order in accordance with NeCivR 5.1(f)(2), directing the Clerk of the court to scan filing nos. 71-76, and return the originals to him. (*Id.*) Plaintiff states that he is unemployed and indigent. (*Id.*) NeCivR 5.1(f)(2) states that a party "may, prior to submitting the document to the clerk's office, seek written authorization from the assigned judge for the document's return." NeCivR 5.1(f)(2).

Here, Plaintiff seeks the return of documents filed on May 26, 2009. He filed his Motion on June 8, 2009, more than 10 days later. Plaintiff did not seek written authorization prior to submitting the documents he seeks, and the Clerk of the court discarded those documents in accordance with NeCivR 5.1(f)(2). Separately, to the extent Plaintiff requests that the Clerk of the court send copies of those filings to

6

Defendants on Plaintiff's behalf, that request is denied. In light of the above findings, all other pending motions filed by the parties are denied as moot.

IT IS THEREFORE ORDERED that:

1.  Defendants Dougherty and Mullen's Motion to Dismiss (filing no. 19) is granted in part. All of the claims for monetary relief against these two Defendants are dismissed with prejudice. Plaintiff's claims for injunctive and declaratory relief against these two Defendants are dismissed without prejudice.

2.  The remaining Defendants' Motions to Dismiss (filing nos. 65, 67, and 69) are granted. Except for the claims against Defendants Dougherty and Mullen for monetary relief, Plaintiff's claims against all Defendants are dismissed without prejudice.

3.  A separate judgment will be entered in accordance with this Memorandum and Order.

4.  All other pending motions are denied.

July 23, 2009.                          BY THE COURT:

                                        s/ Joseph F. Bataillon
                                        Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.